UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS DORN,

                        Plaintiff,

           -against-

THE STATE OF NEW YORK, ET AL.,

                      Defendants.

20-CV-4921 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

Plaintiff filed this action *pro se*. On July 24, 2020, the Court dismissed Plaintiff's amended complaint, in which Plaintiff was seeking "one hundred million dollars' worth of Federal Reserve Notes, $100,000,000, what is commonly known as 'The United States of America Dollars' [for] the sabotage, human trafficking and torture, injury, unlawful elimination of [his] jobs, mental distress," in addition to seeking "a lawful separation from [his] family." (ECF 1 at 3.)[1] Plaintiff then filed applications, styled as (1) a motion to amend the relief that he was seeking (ECF 12); and (2) an "objection to dismissal and writ of error" (ECF 16).

The Court liberally construes these submissions as motions, under Rule 60(b) of the Federal Rules of Civil Procedure, for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

---

[1] Plaintiff appealed the order of dismissal, but the appeal was dismissed by mandate issued March 31, 2021, for Plaintiff's failure to file his brief and appendix. (*Dorn v. State of New York*, No. 20-2769 (2d Cir. Mar. 31, 2021).

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Here, Plaintiff alleges the following in his motion objecting to dismissal of his amended complaint:

> [Defendants] continued on what would be considered a eugenics scheme and sabotage and when that was not enough they came to hurt me in what would be considered a terrorist attack. I was also the victim to grand larceny, theft by deception, and identity theft. It cannot be judged frivolous because it is mostly New York's States own doing.
>
> . . .
>
> I also have high blood pressure now from the social isolation which New York State has come up with that was copied from an experiment the emperor has done where all the children had died, in order to hurt me, and they are using my family and Laura for this plot. The stress of New York's conspiracy is causing me a health problems.
>
> . . .
>
> The sexual harassment from the endeavor from New York and probably Colorado is causing me mental distress.

(ECF 16 at 2.)

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y*

*of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff's motion objecting to dismissal of his amended complaint.

Plaintiff's motion to further amend his amended complaint to alter the relief that he is seeking is also denied. Plaintiff states that he wishes to amend the relief page of his amended complaint to demand the following:

> For the sabotage human trafficking and torture injury unlawful elimination of [his] jobs mental distress, psychological abuse, pain and suffering, slander, libel, and negligence, I demand relief of one hundred million dollars worth of Federal Reserve Notes bank notes . . .
>
> A permanent inunction against the restraining orders and or civil union and or annulment and expungement of the restraining orders and or civil union(s). And a lawful separation.

(ECF 12 at 1.)

Plaintiff further indicates that "the case should not be filed under civil rights as those rights afforded to a state person, the federal court does not differentiate between person and people so it should filed [sic] under a lawful claim. For example, Ryan, if he were artificial, he would be a state person but myself, I am an equal member of the republic, who [h]as retained all rights, including the right to travel freely, bring suits against sovereigns, and be unharassed by authorities." (*Id.* at 3.) Plaintiff adds that "there could be a conspiracy with this child Ryan. . . . What this child could be is a potential alien tort, where they would conquer us through a sperm

bank and over time destroy America with children who are not natural, they lack natural rights." (*Id.* at 4.)

Plaintiff's motion to amend his amended complaint is dated July 16, 2021, but it was received on July 29, 2021, after the amended complaint had already been dismissed on July 24, 2021.[2] After reviewing Plaintiff's proposed amendments, the Court concludes that even if Plaintiff had filed a second amended complaint as proposed, this would not have altered the result reached here. Plaintiff's application therefore does not provide any basis to reopen this action or reconsider the order of dismissal.

## CONCLUSION

Accordingly, Plaintiff's motions (ECF Nos. 12, 16) are denied. Plaintiff's case in this Court under Docket No. 20-CV-4921 (CM) is closed. The Court will only accept for filing in this action documents that are directed to the Second Circuit Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   July 19, 2021
         New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[2] Under Rule 15 of the Federal Rules of Civil Procedure, a plaintiff is entitled to amend the complaint within a certain time frame once as of right without seeking permission from the Court. Plaintiff had already amended his complaint as of right before the Court dismissed this action.

4